**Fill in this information to identify your case:**

Debtor 1: Aaron W. Millar
First Name    Middle Name    Last Name

Debtor 2: _____
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Central District of California

Case number: 17-10092
(If known)

## Official Form 427
## Cover Sheet for Reaffirmation Agreement                    12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?** FreedomRoad Financial
Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed    $ 23,865.53
To be paid under the reaffirmation agreement    $ 23,865.53
$ 383.48 per month for 77 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of Interest?** (See Bankruptcy Code § 524(k)(3)(E).)
Before the bankruptcy case was filed    6.49 %
Under the reaffirmation agreement    6.49 %  ☑ Fixed rate
☐ Adjustable rate

**4. Does collateral secure the debt?**
☐ No
☑ Yes. Describe the collateral. 2016 VICTORY MAGNUM, VIN 5VPUW36N4G3051628
Current market value    $ 17,565.00

**5. Does the creditor assert that the debt is nondischargeable?**
☑ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

| | Income and expenses reported on Schedules I and J | Income and expenses stated on the reaffirmation agreement |
|---|---|---|
| 6a. Combined monthly income from line 12 of Schedule I | $ 2263.75 | 6e. Monthly income from all sources after payroll deductions  $ 2263.75 |
| 6b. Monthly expenses from line 22c of Schedule J | $ 2187.50 | 6f. Monthly expenses  − $ 2187.50 |
| 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | − $ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses  − $ 0 |
| 6d. Scheduled net monthly income. Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | $ 76.25 | 6h. Present net monthly income. Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets.  $ 76.25 |

Debtor 1  Aaron W. Millar    Case number (if known) 17-10092
          First Name  Middle Name  Last Name

| | | |
|---|---|---|
| 7. Are the income amounts on lines 6a and 6e different? | ☒ No<br>☐ Yes. | Explain why they are different and complete line 10. _____ |
| 8. Are the expense amounts on lines 6b and 6f different? | ☒ No<br>☐ Yes. | Explain why they are different and complete line 10. _____ |
| 9. Is the net monthly income in line 6h less than 0? | ☒ No<br>☐ Yes. | A presumption of hardship arises (unless the creditor is a credit union).<br>Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses.<br>Complete line 10. |
| 10. Debtor's certification about lines 7-9<br><br>If any answer on lines 7-9 is Yes, the debtor must sign here.<br><br>If all the answers on lines 7-9 are No, go to line 11. | I certify that each explanation on lines 7-9 is true and correct.<br><br>✗ _[signature]_  ✗ _____<br>Signature of Debtor 1    Signature of Debtor 2 (Spouse Only in a Joint Case) | |
| 11. Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No<br>☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>☐ No<br>☒ Yes | |

## Part 2:  Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

✗ _[signature]_    Date 02/05/2017
Signature                                                MM / DD / YYYY

_Nic Spell_
Printed Name

Check one:
☐ Debtor or Debtor's Attorney
☒ Creditor or Creditor's Attorney

Form 2400A (12/15)

> Check one.
> ☐ **Presumption of Undue Hardship**
> ☒ **No Presumption of Undue Hardship**
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
### Central District of California

In re  Aaron W. Millar
_____,
*Debtor*

Case No. 17-10092

Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** FreedomRoad Financial

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Promissory Note & Security Agreement
*For example, auto loan*

B. **AMOUNT REAFFIRMED**:    $   23,865.53

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is   6.4900 %.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)* ☒ Fixed rate    ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

Form 2400A, Reaffirmation Documents  Page 2

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☐  $_____ per month for _____ months starting on _____.

☑  Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

$383.48/mo. until paid in full. Except as modified below, the terms of the attached Promissory Note and Security Agreement are hereby incorporated by reference. This reaffirmation agreement is void if the underlying security agreement is determined to be unenforceable or invalid by the Bankruptcy or other Court of competent jurisdiction.

E. Describe the collateral, if any, securing the debt:

Description:           2016 Victory Magnum...051628
Current Market Value   $           17,565.00

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☑ Yes.  What was the purchase price for the collateral?    $           24,418.00

☐ No.   What was the amount of the original loan?         $

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $ 23,865.53 | $ 23,865.53 |
| Annual Percentage Rate | 6.4900 % | 6.4900 % |
| Monthly Payment | $ 383.48 | $ 383.48 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

PART II.    DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

Check one.  ☐ Yes   ☐ No

B. Is the creditor a credit union?

Check one.  ☐ Yes   ☑ No

Form 2400A, Reaffirmation Documents

Page 3

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

  1. Your present monthly income and expenses are:

     a. Monthly income from all sources after payroll deductions
     (take-home pay plus any other income)   $ 2263.75

     b. Monthly expenses (including all reaffirmed debts except
     this one)   $ 1804.02

     c. Amount available to pay this reaffirmed debt (subtract b. from a.)   $ 383.48

     d. Amount of monthly payment required for this reaffirmed debt   $ 76.25

*If the monthly payment on this reaffirmed debt (line d.) is greater than the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

  2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

     Check one of the two statements below, if applicable:

     [✓] You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

     [ ] You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

     Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

     [ ] You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

Form 2400A, Reaffirmation Documents                                                                          Page 4

## PART III.  CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date 2-3-17    Signature _____
                                  Debtor

Date _____ Signature _____
                                  Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor  FreedomRoad c/o Capital Recovery    1790 E River Rd Ste 101 Tucson, AZ 85718
             Print Name                                         Address

         Nichlas P. Spallas                                     _____  2/8/17
         Print Name of Representative                           Signature         Date

## PART IV.  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 2/3/17    Signature of Debtor's Attorney _____

               Print Name of Debtor's Attorney  Arash Shirdel

Form 2400A, Reaffirmation Documents                                                                  Page 5

## PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part 1 above) and these additional important disclosures and instructions.

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

Form 2400A, Reaffirmation Documents                                                                                  Page 6

6. **When will this Reaffirmation Agreement be effective?**

    a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement** and

    i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

    ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 427).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home. You can use Form 2400B to do this.*

Form 2400A, Reaffirmation Documents                                                                 Page 7

## C.  DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

Account View          Page 1 of 3

**dealertrack technologies**

title management system
Freedom Road Financial (PAA)

Search    Work Queues    Reports    Utilities    User Setup

Home   Help   Resources   Contact   Log out

Perfected

### Account    Actions

VIN/HIN: **5VPUW36N4G3051628**     Status: **Perfected (PT)**     Titling State: **CA**     Year: **2016**     **LOAN**
Account: **1453**    Loan:    LoanSuffix:    Branch:    Make: **VICT**    Model:

#### Overview

Primary customer: **MILLAR AARON**      Recovery type:
Secondary customer:      Amount Financed:
Home phone:      Financed date: **05/07/2016**
Address:      Booked date: **07/26/2016**
Alert when perfected: ☐ Client ☐ CMS      Expected payoff date:
User Defined 1:      Payoff date:
User Defined 2:      Perfected date: **7/26/2016**
User Defined 3:      Loan Balance
Lienholder Status Code:      State: **CA**
Business Unit:      Account subtype: Loan (F)
Dealer ID/Name:      Expected Contract Type:

#### Customers

| | Order | Order | Name | Type | Home Phone | Business Phone | Address |
|---|---|---|---|---|---|---|---|
| Edit | 1 | ▼ | MILLAR AARON | UNKNOWN | | | |

#### Property

| VIN/HIN | Make | Model | Year | Odometer | Damaged? | Insurance Total Loss? | Account Collateral Type |
|---|---|---|---|---|---|---|---|
| 5VPUW36N4G3051628 | VICT | | 2016 | | ☐ | ☐ | |

#### Dealer Info

ID:      Type:
Name:      Status:
Address:      Dealership:
Phone:      Contact Name:
Fax:      Contact Phone:
EMail:      Note:

https://title.fdielt.com/AccountView/AccountCollateralView.aspx?view=AccountCollatera...    1/20/2017

### Lien Filing

### Release

### Duplicate Title

Request Date:            Action Date:
Status:                  Last Worked By:
State:                   Required State Forms:
Reason                   Requesting Dept:
Operations Code:         Billable: ☐

### Follow Up

Client Activities

### Direct Lending Services

### Additional Documents

Additional Documents do not exist for this account

### Obsolete Docs

---

## Title                                                        Actions

### Overview

Owner(s): **MILLAR AARON**              Closed Date:
Lienholder: **FREEDOMROAD FINANCIAL**   Closed Reason:
Match Type: **MANUAL**                   Document Location:
Match Date: **7/26/2016**
Issuance Date: **5/25/2016**
Imported Date: **5/27/2016**

### Owners

### Property

### Liens

| Name | Address | Lienholder ID | Lien Date |
|---|---|---|---|
| FREEDOMROAD FINANCIAL | PO BX 18218 RENO, NV 89511 | CMW | |

### Title Maint

Notes (Date/Time stamps in this section reflect Pacific Time)     Add Note

**Notes**

◉ Show All   ○ Show User Notes Only   ○ Show Activity History Only

| Date | User | Context | Activity | Note |
|---|---|---|---|---|
| 07/26/2016 09:12 AM | Lisa Rout | GUI | Update Account | Account created from existing title. |
| 07/26/2016 09:12 AM | Lisa Rout | GUI | Create Account | Account created via the GUI. |
| 07/26/2016 09:12 AM | Lisa Rout | GUI | Perfect Account | Account and Document were automatically matched. |
| 05/27/2016 01:35 AM | System | State Import | Create Title | Received electronic document from State. |

**Work Items**

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

Dealer Number: 56253  
Contract Number: _____  
R.O.S. Number: _____  
Stock Number: V051628

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| MILLAR, AARON<br>8561 LA HOMA ST<br>CYPRESS, CA 90630 | | SO CAL TRIUMPH, INC.<br>515 W. Lambert Rd.<br>Brea CA 92821 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2016 | VICTORY MAGNUM X-1 | 000005 | 5VPUW36N4G3051628 | Personal, family or household unless otherwise indicated below.<br>☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $2,292.65 |
|---|---|---|---|---|
| 6.49% | $ $6379.62(e) | $ $25,832.70 | $ $32212.32 | $ $34,504.95 |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of N/A | N/A | N/A |
| One Payment of N/A | N/A | N/A |
| One Payment of N/A | N/A | N/A |
| 84 | $383.48 | Monthly beginning 6/6/2016 |
| N/A | N/A | N/A |
| One final payment N/A | N/A | N/A |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   - A. Cash Price of Motor Vehicle and Accessories ........... $ $24,418.00 (A)
     1. Cash Price Vehicle ........... $ $24,418.00
     2. Cash Price Accessories ........... $ $0.00
     3. Other (Nontaxable)
        - Describe LABOR ........... $ $0.00
        - Describe _____ ........... $ $0.00
   - B. Document Processing Charge (not a governmental fee) ........... $ $80.00 (B)
   - C. Emissions Testing Charge (not a governmental fee) ........... $ $0.00 (C)
   - D. (Optional) Theft Deterrent Device (to whom paid) _____ ........... $ $0.00 (D)
   - E. (Optional) Theft Deterrent Device (to whom paid) _____ ........... $ $0.00 (E)
   - F. (Optional) Theft Deterrent Device (to whom paid) _____ ........... $ $0.00 (F)
   - G. (Optional) Surface Protection Product (to whom paid) _____ ........... $ $0.00 (G)
   - H. (Optional) Surface Protection Product (to whom paid) _____ ........... $ $0.00 (H)
   - I. EV Charging Station (to whom paid) _____ ........... $ $0.00 (I)
   - J. Sales Tax (on taxable items in A through I) ........... $ $1,959.86 (J)
   - K. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (to whom paid) CVR ........... $ $29.00 (K)
   - L. (Optional) Service Contract (to whom paid) WESTERN ESG ........... $ $1,387.00

### STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | Term | Premium |
|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | N/A Mos. | $ N/A |
| Medical N/A | N/A Mos. | $ N/A |
| N/A | N/A Mos. | $ N/A |
| Total Vehicle Insurance Premiums | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

| | | | |
|---|---|---|---|
| Buyer X | N/A | N/A | N/A |
| Co-Buyer X | N/A | N/A | N/A |
| Seller X | N/A | N/A | N/A |

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mos. | N/A | N/A |
| Credit Disability | N/A Mos. | N/A | N/A |
| Total Credit Insurance Premiums | | $ | (b) |
| Insurance Company Name | N/A | | N/A |
| Home Office Address | N/A | | N/A |

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for

| | | |
|---|---|---|
| M. (Optional) Service Contract (to whom paid) _____ | $ | $0.00 (M) |
| N. (Optional) Service Contract (to whom paid) _____ | $ | $0.00 (N) |
| O. (Optional) Service Contract (to whom paid) _____ | $ | $0.00 (O) |
| P. (Optional) Service Contract (to whom paid) _____ | $ | $0.00 (P) |
| Q. Prior Credit or Lease Balance paid by Seller to _____ (e) | $ | $0.00 (Q) |
| (see downpayment and trade-in calculation) | | |
| R. (Optional) Gap Contract (to whom paid) _____ | $ | $0.00 (R) |
| S. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ | $0.00 (S) |
| T. Other (to whom paid) _____ | $ | $0.00 (T) |
| For _____ | | |
| **Total Cash Price (A through T)** | $ | **$27,873.86** |

**2. Amounts Paid to Public Officials**

| | | |
|---|---|---|
| A. Vehicle License Fees | $ | $248.00 (A) |
| B. Registration/Transfer/Titling Fees | $ | $0.00 (B) |
| C. California Tire Fees | $ | $3.50 (C) |
| D. Other _____ | $ | $0.00 (D) |
| **Total Official Fees (A through D)** | $ | **$251.50** (2) |

**3. Amount Paid to Insurance Companies**
(Total premiums from Statement of Insurance column a + b)    $ $0.00 (3)

**4.** ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee    $ $0.00 (4)

**5. Subtotal (1 through 4)**    $ $28,125.36 (5)

**6. Total Downpayment**

| | | |
|---|---|---|
| A. Agreed Trade-In Value Yr 2015 Make YAMAHA | $ | $4000.00 (A) |
| Model FZ09 Odom 003996 | | |
| VIN JYARN33Y8FA001312 | | |
| B. Less Prior Credit or Lease Balance (e) | $ | $3707.34 (B) |
| C. Net Trade-In (A less B) (indicate if a negative number) | $ | $292.66 (C) |
| D. Deferred Downpayment | $ | $0.00 (D) |
| E. Manufacturer's Rebate | $ | $0.00 (E) |
| F. Other _____ | $ | $0.00 (F) |
| G. Cash | $ | $2,000.00 (G) |
| **Total Downpayment (C through G)** | $ | **$2,292.66** (6) |

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above)

**7. Amount Financed (5 less 6)**    $ $25,832.70

---

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: _____ N/A _____
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in N/A
installments of $ N/A $ N/A
from this Loan is shown in item 6D.

---

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: N/A

---

or profit 30 hours a week or more on the Effective Date _____ is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

5/7/2016    N/A    N/A
Date    Buyer Signature    Age

5/7/2016    N/A    N/A
Date    Co-Buyer Signature    Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 0 Mos. _____
Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L, 1M, 1N, 1O, and/or 1P.

1L Company WESTERN ESC
Term 36 Mos. or N/A Miles
1M Company N/A
Term N/A Mos. or N/A Miles
1N Company N/A
Term N/A Mos. or N/A Miles
1O Company N/A
Term N/A Mos. or N/A Miles
1P Company N/A
Term N/A Mos. or N/A Miles
Buyer X _signature_

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _signature_
Co-Buyer Signs X

---

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _signature_    X _____
Buyer    Co-Buyer

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _signature_    Co-Buyer Signs X _____

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A, Year N/A SELLER'S INITIALS N/A

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _signature_    X _____

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE

| | |
|---|---|
| WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.<br>Proceeds of Loan From: N/A<br>Amount $ N/A  Finance Charge $ N/A<br>Total $ N/A  Payable in N/A<br>installments of $ N/A  .$ N/A<br>from this Loan is shown in item 6D. | If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:<br>☐ Name of autobroker receiving fee, if applicable:<br>N/A | contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.<br>Buyer Signs X _____<br>Co-Buyer Signs X _____ |

SELLER'S RIGHT TO CANCEL If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.
X _____     X _____
Buyer                                Co-Buyer

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____ Co-Buyer Signs X _____

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____ N/A _____, Year _____ N/A SELLER'S INITIALS _____ N/A

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
S/S X _____    X _____

Trade-In Payoff Agreement: Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.
Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.
Buyer Signature X _____  Co-Buyer Signature X _____

Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.
If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.
Buyer Signature X _____  Co-Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

| THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION<br>California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details. | YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT. |
|---|---|

Buyer Signature X _____ Date 5/7/2016  Co-Buyer Signature X _____ Date 5/7/2016
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.
Other Owner Signature X _____   Address _____

GUARANTY: To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____  Date _____  Guarantor X _____  Date _____
Address _____                            Address _____

Seller Signs F-BRIAN LEIGH   SO CAL TRIUMPH, INC Date 5/7/2016 By X _____  Title F&I Sales

LAW® FORM NO. 553-CA-ARB (REV. 7/13) U.S. PATENT NO. D460,782
©2013 The Reynolds and Reynolds Company TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller Creditor may receive part of the Finance Charge.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   > **GAP LIABILITY NOTICE**
   > In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods installed on it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service, or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

   This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The

e. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate permitted by law, until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   **If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **Servicing and Collection Contacts.**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **Applicable Law**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

8. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE**

- All proceeds from insurance, maintenance, service, or other contract charges (but not including any refunds of premiums or charges for the contract). This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

  d. **Insurance you must have on the vehicle.**
  You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

  e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information on a credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property;
   - The vehicle is lost, damaged or destroyed; or
   - You break any agreements in this contract.

   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

8. **Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

**Seller's Right to Cancel**

a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

**ARBITRATION PROVISION**

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org), or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.
Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.
You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

Seller assigns its interest in this contract to _Freedom Road Financial_ (Assignee) at (address)
under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse    ☑ Assigned without recourse    ☐ Assigned with limited recourse

Seller: _So Cal Triumph Inc_    By: _[signature]_    Title: _Sales Manager_

Form No. 553-CA-ARB 7/13